UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR LEWIS,

                Petitioner,

        -vs-

CHARLES DUFRAIN, Superintendent,
Franklin Correctional Facility,

             Respondent.

**DECISION AND ORDER**

No. 00-CV-6172

## INTRODUCTION

Petitioner Victor Lewis ("Lewis") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court on two counts of first degree rape, two counts of first degree sodomy, two counts of third degree sexual abuse, and one count of endangering the welfare of a minor. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The crimes with which Lewis was charged involved two separate instances of sexual intercourse and sodomy with his natural daughter,[1] who was eight years-old at the time of the assaults. Lewis was tried before a jury in Erie County Court (Rogowski, J.) and convicted on November 2, 1994, of all counts in the indictment. Lewis was sentenced to concurrent terms of four to twelve years for the rape and sodomy convictions and to lesser, concurrent terms of imprisonment for the remaining convictions.

---

[1] The complainant's mother actually married Lewis after he had been indicted for raping her daughter.

On direct appeal, Lewis argued two points: the verdict was against the weight of the evidence and his sentence was unduly harsh and excessive. The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed the conviction in a summary order entered December 22, 1995. When defense counsel sought leave to appeal from this order, the only issue raised was that the conviction was not based on sufficient evidence; this issue had not been presented to the appellate division, however. The New York Court of Appeals denied leave to appeal on March 27, 1996.

In April 1995, while Lewis's direct appeal was pending, he submitted a *pro se* motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in the trial court accusing the prosecutor of threatening the complainant and her mother in order to obtain the complainant's inculpatory testimony used against him at trial. However, Lewis did not provide any factual basis for his assertions, such as an affidavit from his daughter or her mother. Lewis also made conclusory allegations that he was denied due process and the right to the effective assistance of counsel, but he did not provide any facts to support these arguments. Finally, he asserted that the evidence was insufficient to support his conviction. *See* Ex. D in Respondent's Appendix of Exhibits ("Resp't App."). The trial court denied Lewis's C.P.L. § 440.10 motion in a written decision and order entered August 7, 1995. *See id.* Lewis did not seek leave to appeal the denial of this C.P.L. § 440.10 motion.

In January 1999, Lewis, now represented by counsel, brought another motion to vacate the judgment pursuant to C.P.L. § 440.10(1)(g), alleging that he was entitled to *a* new trial on the basis of "newly discovered evidence"–the affidavit of his daughter recanting her trial testimony and stating that she made up the allegations rape in order to get her father "in trouble so that the

fighting and arguing would stop between him and [her] mother." *See* Ex. E in Resp't App.

Finding that the daughter's affidavit was "merely contradictory of her trial testimony," the trial

court held that it could not be considered new evidence entitling Lewis to vacatur. As the court

explained, the daughter's supposedly exonerating affidavit failed to either rebut the convincing

medical evidence of forcible sexual intercourse or to identify the true perpetrator. *See id.* Based

upon a review of the record in its entirety, the court found that the complainant's recantation was

"incredible as a matter of law." *See id.* Lewis did not seek leave to appeal the denial of this

C.P.L. § 440.10 motion.

   Lewis then filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254

in this Court on April 18, 2000, in which he raised the following grounds for relief: (1) trial

counsel was ineffective; (2) the conviction was obtained based upon testimony known by the

prosecutor to be perjured, as evidenced by the complainant's post-trial recantation; (3) the

evidence was insufficient to support the conviction; and (4) the sentence was harsh and

excessive. *See* Docket #1. Lewis subsequently filed a memorandum of law in support of the

petition. *See* Docket #12. Respondent answered the petition on and interposed defenses of non-

exhaustion and procedural default. *See* Docket #5. By order entered October 2, 2002, the Court

stayed proceedings in this matter in order to afford Lewis the opportunity to return to state court

and exhaust previously unexhausted claims. *See* Docket #16. After granting petitioner several

extensions of time to file his amended petition, the Court issued an order on June 20, 2005,

directing Lewis to file the pleading by August 19, 2005. *See* Docket #20. The order provided that

should Lewis fail to file his amended complaint by that date, the stay would be lifted and the

merits of the initial petition addressed. The order further advised Lewis that no further extensions

of time to file an amended petition would be granted. To date, Lewis has not filed an amended

petition. As a consequence, the Court will proceed to consider the merits of the claims raised in

Lewis's original petition. As respondent points out, all of Lewis's claims are either not

cognizable on habeas review, unexhausted, or procedurally defaulted. As discussed in further

detail below, the petition must be dismissed.

## DISCUSSION

I.      **The harsh and excessive sentence claim is not cognizable on habeas review**

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is

generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre*, 548

F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove

that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing

*Townsend v. Burke*, 334 U.S. 736, 741 (1948). A challenge to the term of a sentence does not

present a cognizable constitutional issue where, as here, the sentence falls within the statutory

range. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)

II.     **The insufficiency-of-the-evidence claim is unexhausted but procedurally defaulted**

A petitioner must exhaust all available state remedies either on direct appeal or through a

collateral attack of his conviction before he may seek a writ of habeas corpus in federal court.  28

U.S.C. § 2254(b); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), *cert. denied*, 514 U.S.

1054 (1995).  The exhaustion of state remedies requirement means that the petitioner must have

presented his constitutional claim to the highest state court from which a decision can be

obtained.  *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000) (citing *Grey v. Hoke*, 933

F.2d 117, 119 (2d Cir. 1991)).  A claim is properly exhausted when the state court is fairly

apprised of the claim's federal nature and of the factual and legal premises underlying the claim. *Grey*, 933 F.2d at 119-20.

Petitioner's claim that the prosecution did not prove his guilt beyond a reasonable doubt because the complainant's testimony lacked corroboration and was incredible as a matter of law**,** is unexhausted but procedurally defaulted. This insufficiency-of-the-evidence claim was not raised on direct appeal; rather, the only evidentiary claim presented to the appellate division was that the verdict was against the weight of the evidence.[2] The weight-of-the-evidence claim was summarily rejected in the appellate division's order affirming Lewis conviction. When he sought discretionary leave from the New York Court of Appeals to appeal this order, Lewis raised, for the first time, a claim that the evidence was insufficient to support his conviction. However, "[p]resenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." *Lurie v. Wittner*, (2d Cir. 2000) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, the claim remains unexhausted.

Lewis is, however, procedurally barred from returning to state court to exhaust the claim. First of all, Lewis has already used the one direct appeal to which he is entitled. N.Y. Court Rule § 500.10(a). Secondly, if Lewis were to raise the claim in connection with a C.P.L. § 440.10 collateral motion to vacate the judgment, the state court would be required to deny the motion because the issue was apparent from the trial record and could have been raised on direct appeal. N.Y. Crim. Proc. Law § 440.10(2)(c). Under these circumstances, the claim is deemed exhausted but procedurally defaulted. *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991).

---

[2] These two claims call for distinctly different analyses.  *People v. Bleakley,* 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 763 (1987); *accord, e.g., Roman v. Filion*, 2005 WL 1383167, at *30 (S.D.N.Y. Apr. 30, 2005).

The Supreme Court has held that a procedural default will "bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice,'" *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). The fundamental miscarriage of justice exception requires that the petitioner establish that the constitutional error in his trial "'has probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To be credible, a claim of actual innocence requires a petitioner to support his allegations of constitutional error with "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Lewis has not attempted to make any showing of cause for the default and resultant prejudice, and he has never asserted that he is actually innocent of the crimes of which he was convicted. Nor does the alleged recantation by the complainant support a claim of "actual innocence," since, as discussed below, the recanting affidavit is inherently unreliable and unworthy of belief.  Thus, Lewis is unable to overcome the procedural default, and habeas review of his insufficiency-of-the-evidence claim is precluded.

### III.   The claims of ineffective assistance of trial counsel and witness perjury are unexhausted but warrant dismissal pursuant to 28 U.S.C. § 2254(b)(2)

The claims that the prosecutor knowing presented perjured testimony and that petitioner did not receive the assistance of trial counsel, both of which initially were raised in connection with the two C.P.L. § 440.10 motions, are not exhausted. This is because Lewis failed to request leave to appeal the denial of those motions and therefore did not invoke one complete round of

the state's established appellate review process as required by the exhaustion doctrine. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The claims remain unexhausted because Lewis could file another C.P.L. § 440.10 motion in the trial court based upon these grounds and, if relief was denied, seek leave to appeal in the appellate division.

In the past, a state prisoner's federal habeas petition had to be dismissed if the petitioner did not exhaust available state remedies as to any of his federal claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Following the amendment of the habeas statute in 1996, district courts now have the discretion to dismiss unexhausted claims on the merits. *See* 28 U.S.C. § 2554(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Although the Second Circuit has not yet articulated a standard for determining when unexhausted claims should be denied on the merits, the majority of district court decisions in this Circuit have embraced a "patently frivolous" test for dismissing unexhausted claims. *See Naranjo v. Filion*, 2003 WL 1900867, at *8 (S.D.N.Y. Apr. 16, 2003) (collecting cases). A minority of courts have expressed the test as whether "'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,' in which case the Court should dismiss the unexhausted claim on the merits (or rather the clear lack thereof)." *Id.* (quoting *Hernandez v. Lord*, 2000 WL 1010975, at *4-5 & n. 8 (S.D.N.Y. July 21, 2000) and citing cases).

Lewis's claims of attorney ineffectiveness and perjured testimony fail under either standard. Turning first to the ineffectiveness claim, Lewis asserts that counsel (1) failed to file a pre-trial motion challenging the complainant's competency to give sworn testimony; (2) failed to inspect the grand jury minutes; (3) failed to notify petitioner of his right to testify before the

grand jury; and (4) failed to conduct a proper investigation into the circumstances of the crime; (6) failed to move for a trial order of dismissal; and (6) failed to properly advise petitioner of the consequences of rejecting the prosecution's plea offer.

In order to prevail on a claim of ineffective assistance of counsel, Lewis must establish two elements. First, he must prove that his counsel's performance "'fell below an objective standard of reasonableness.'" *McKee v. United States*, 167 F.3d 103, 106 (2d Cir.1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Second, he must establish prejudice–that is, but for counsel's deficient performance, there is a "'reasonable probability'" that "'the outcome of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). Stated another way, "a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *A.L. Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687)).

Lewis cannot show that he was prejudiced by counsel's alleged errors with respect to the grand jury proceeding. First of all, Lewis does not explain how the outcome of his trial would have been different had he been afforded an opportunity to testify before the grand jury or, for that matter, how his testimony would have prevented his indictment. *See People v. Harrison*, 304 A.D.2d 376, 377, 758 N.Y.S.2d 300 (App. Div. 1st Dept. 2003); *People v. Williams*, 291 A.D.2d 347, 739 N.Y.S.2d 664 (App. Div. 1st Dept. 2002). Secondly, any error in counsel's alleged failure to move for inspection of the grand jury minutes was cured by the petit jury's verdict finding Lewis guilty beyond a reasonable doubt. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (citing *United States v. Mechanik,* 475 U.S. 66, 70 (1986) ("[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the

defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt.  Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.").

Counsel had no legal basis on which to bring a motion that the complainant was not competent to give testimony due to her age; under New York law, the complainant–who was twelve years-old at the time of trial–was competent to testify under oath. *See* N.Y. Crim. Proc. Law § 60.20(2). Contrary to Lewis's contention, defense counsel did move for a trial order of dismissal at the close of the evidence, alleging that the prosecution had not met its burden of proof against the defendant. *See* T.204-05.[3] Lewis has failed to present any facts in support of his claim that counsel failed to properly advise him of the consequences of rejecting a plea deal. Therefore, the Court is unable to consider it.

Finally, Lewis's argument regarding counsel's failure to investigate and present an adequate defense is internally inconsistent. Lewis first faults counsel because the "only defense advanced . . . was to attack the credibility of [the complainant.]" Docket #12 at 28. Several sentences later, Lewis berates counsel for failing to inspect minutes from an unspecified family court proceeding and asserts that counsel was "factually unprepared and unversed to challenge the most critical issue in this case: The credibility of [the complainant's] version of events." *Id.* Under Lewis's reasoning, counsel was wrong no matter what strategy she followed. The Court understands that Lewis wants to cover all his bases; however, he cannot have his cake and eat it, too.

In considering the trial record as a whole, the Court finds that the verdict was supported

---

[3] Citations to "T.__" refer to the trial transcript.

by substantial, even overwhelming, evidence of petitioner's guilt. Thus, there is no reasonable probability that counsel's alleged errors had any conceivable effect on the verdict.

Lastly, I turn to the claim that petitioner's conviction was based upon perjured testimony. Lewis premises his argument upon the post-conviction affidavit of his daughter recanting her trial testimony and stating that she made up the allegations of rape in order to get her father "in trouble so that the fighting and arguing would stop between him and [her] mother." Lewis also claims that the prosecution knowingly allowed the complainant to perjure herself at trial.

At the outset, I note that recantations of testimony given on trial traditionally are "looked upon with the utmost suspicion." *Sanders v. Sullivan*, 863 F.2d 218, 225 (2d Cir. 1988) (citations and internal quotation marks omitted); *see also People v. Donald*, 484 N.Y.S.2d 651, 652 (App. Div. 2d Dept. 1985) ("There is no form of proof so unreliable as recanting testimony.") (citations and internal quotation marks omitted). When Lewis asserted this claim in his C.P.L. § 440 motion, the court held that the daughter's affidavit was "merely contradictory of her trial testimony" and therefore could not be considered new evidence entitling Lewis to vacatur. The court further found that the affidavit was "incredible as a matter of law." The state court's determination of credibility in this matter is a finding of fact which enjoys a strong presumption of correctness and which the habeas petitioner has the burden of rebutting with "clear and convincing evidence." *See* 28 U.S.C. 2254(e)(1); *Channer v. Brooks*, 320 F.3d 188, 195-96 (2d Cir. 2003).

Beyond pointing to the trial record and alleging that it "overwhelmingly indicates" that the complainant repeatedly lied during trial, Lewis has offered no evidence to refute the state court's factual findings that his daughter's recantation was not credible. Rather than rebutting

-10-

these findings, the record of this case supports the state court's conclusion. As the state court explained, the daughter's supposedly exonerating affidavit failed to either rebut the convincing medical evidence of forcible sexual intercourse or to identify the true perpetrator. The daughter's affidavit did not provide any explanation as to how she could have contracted chlamydia, a sexually-transmitted disease, or how she sustained injuries to her vagina consistent with forcible penetration. The complainant's asserted belief that accusing her father of raping her would be a "good way" to stop her parents from fighting is unconvincing, to say the least.

Lewis concedes that although the evidence "may not be compelling that the District Attorney's Office knew or should have known about [the complainant's] perjury, the fact still remains that [the complainant] has demonstrated the capability to lie under oath." Although there was one instance in the record of the complainant not testifying truthfully at trial, it does not help Lewis's cause. Some background first is necessary to explain this incident. The complainant's mother actually married Lewis *after* he had been indicted for raping her daughter. Pursuant to a family court order, the complainant was not supposed to be in contact with Lewis during the pendency of the criminal proceedings against him. However, the complainant, who admitted at trial that she still loved the petitioner, saw him on several occasions following the wedding. When initially questioned about that at trial, the complainant denied that she had seen him. However, she later explained that she had lied about having seen him because she was afraid of being sent to a foster home. And, her mother *admitted* on cross- and re-cross-examination that she instructed her daughter not to tell anyone that she had seen her father. *E.g.*, T.99. The picture of the complainant that emerges from the trial record is one of an emotionally compliant young girl who is easily led by her mother and father. If anything, the incident described above serves to

-11-

further cement my belief that the state court correctly concluded that the daughter's recantation was patently incredible.

In sum, I have found nothing in the record to rebut the state court's conclusion that the complainant's recantation is unreliable and incredible. Because I can find no evidence that false testimony was introduced in Lewis' trial, knowingly or otherwise, there is no reason to overturn the trial court's decision rejecting the complainant's recantation or to find that petitioner's due process rights were violated.

## CONCLUSION

For the reasons stated above, Victor Lewis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because Lewis has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      October 13, 2005
            Rochester, New York.